

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6310
Re: Red cap services for baggage
transportation; Federal tax on
telephone and telegram charges--
State's liability for on expense
accounts of State employees.

    We have given consideration to your letter requesting our opinion from which we quote:

    "Included in a traveling expense account presented for payment are two items of expense.

    "1.  Federal Tax on telephone and telegram charges.
    "2.  Charges for red cap services at railroad stations.

    "The account as originally presented was for baggage transportation. It has now been changed to official baggage transportation.

    "Please advise:

    "1.  If this federal tax may be paid from State funds.
    "2.  Is red cap service a legal charge against State funds.
    "3.  If question #2 should be answered in the affirmative should a distinction be drawn between personal and official baggage."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

Section 3465 of Title 26, U. S. C. A. reads in part as follows:

"Imposition and rate of tax
"(a) There shall be imposed:
"(1) Telephone and telegraph, etc.
"(A) On the amount paid within the United States for each telephone or radio telephone message or conversation for which the toll charge is more than 24 cents, a tax equal to 20 per centum of the amount so paid. If a bill is rendered the taxpayer for the services described in this subparagraph, the amount upon which the tax shall be based shall be the sum of all such charges included in the bill, and the tax shall not be based upon the charge for each item, separately, included in the bill.

"(B) On the amount paid within the United States for each telegraph, cable, or radio dispatch or message a tax equal to 15 per centum of the amount so paid, except that in the case of each international telegraph, cable, or radio dispatch or message the rate shall be 10 per centum. If a bill is rendered the taxpayer for the services described in this subparagraph, the amount upon which the tax at each of the rates in this subparagraph shall be based shall be the sum of all such charges at that rate included in the bill, and the tax shall not be based upon the charge for each item, separately, included in the bill."

Section 3466 of said Title provides the exemptions:

"Exemption from tax
"(a) No tax shall be imposed under section 3465 upon any payment received for services or facilities furnished to any State, Territory of the United States, or political subdivision thereof, or the District of Columbia, or any corporation created by Act of Congress to act in matters of relief under the treaty of Geneva of August 22, 1864. . ."

Our statute provides for "traveling and other necessary expenses" incurred by the various officers, assistants and other employees in the various departments of our State government, Vernon's Annotated Civil Statutes, Article 6823. Such expenses

Honorable George H. Sheppard, Page 3

must be as specifically provided in the appropriation bills.

While we have found no reference to items of Federal taxation in the Texas statutes or appropriation bills, since the Federal statute provides for the exemption of the tax on telephone service and telegrams of the State as shown in Section 3466, supra, it is our opinion that you are not warranted in paying said taxes from State funds; that such taxes are not "necessary expense", and that you very properly deducted same from the expense account referred to in your question.

With reference to the so-called "red cap" service, we observe the language of the appropriation bill (Acts 48th Leg., R. S., 1943, Ch. 400, Sec. 2, (13)d) under which we are now operating:

"Fees, as tips to waiters on dining cars, or at hotels or restaurants, shall not be paid out of State funds."

Despite the reasoning employed by your claimant in his letter to you, we cannot agree that the limitation imposed in the quoted language can be so narrowly construed as to permit tips or gratuities generally. Should we hold that by such language the Legislature intended that an employee of the State could not pay tips to waiters on dining cars, or to waiters at hotels, or to waiters at restaurants, but could forsooth generously or otherwise "ease the itching palm" of such as railroad porters, hotel bellhops, cab-drivers, hotel maids, filling station attendants, elevator operators, and so on, at the expense of the taxpayer, we fear we would do contemptous violence to the Legislative intent. Instead of the quoted language being within the rule of "ejusdem generis" or the maxim "Expressio unius est exclusio alterius", we think it obvious the reference "as tips to waiters on dining cars, or at hotels or restaurants" is solely by way of example and that none of us are privileged to extend gratuities to pleasant servants and then expect the State to reimburse us.

We can visualize instances wherein assistance is not only desirable but necessary in effecting the transportation of official baggage. In such instances a definite and reasonable contract price for the "necessary" service should be established and a receipt obtained therefor showing the service rendered and

Honorable George H. Sheppard, Page 4

the price charged therefor. Absent the receipt required by Section 2 (12)g of the Appropriation Act, you are precluded from paying any expenses advanced by any person traveling in behalf of the State other than for meals. We do not think expenses of personal luggage should be paid by the State in any event.

Trusting the above will adequately answer your question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall
Benjamin Woodall
Assistant

BW:fo